# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

# CR 10 0756 **RS**

HSIN-TSUNG WANG, aka H.T. WANG

DEFENDANT(S).

## INDICTMENT

Title 15 U.S.C. Section 1 (Price Fixing)

A true bill.

_____
Foreman

Filed in open court this ___14___ day of

_October_

KAREN L. HOM

JOSEPH C. SPERO            Clerk
UNITED STATES MAGISTRATE JUDGE

Bail, $ no bail arrest warrant

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  *E-filing*
☐ SUPERSEDING

— **OFFENSE CHARGED** —

Title 15, United States Code, Section 1 -- Price Fixing

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

— **DEFENDANT - U.S** —

► HSIN-TSUNG WANG, aka H.T. WANG

DISTRICT COURT NUMBER

CR 10 0756

**DEFENDANT**

RS

— **PROCEEDING** —

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form       Melinda L. Haag

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)       Michael L. Scott, Antitrust Div.

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes       If "Yes"
been filed?   ☐ No        give date filed

DATE OF ► Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ► Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

— **ADDITIONAL INFORMATION OR COMMENTS** —

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT       Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

PENALTY SHEET

Individual:    Hsin-Tsung Wang, aka H.T. Wang

Maximum Penalties:

      1.     A fine in an amount equal to the largest of:

            A.     $1,000,000.00.

            B.     Twice the gross pecuniary gain derived from the crime.

            C.     Twice the gross pecuniary loss caused to the victims of the crime.

      2.     A term of imprisonment for ten years.

      3.     A term of supervised release of at least two years but not more than three years.

      4.     $100 special assessment.

      5.     Restitution.

FILED
2010 OCT 14 P 1: 33
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  PETER K. HUSTON (State Bar No. 150058)
   MICHAEL L. SCOTT (State Bar No. 165452)
2  HEATHER S. TEWKSBURY (State Bar No. 222202)
   E. KATE PATCHEN (NY Reg. 41204634)
3  Antitrust Division
   U.S. Department of Justice
4  450 Golden Gate Avenue
   Box 36046, Room 10-0101
5  San Francisco, CA 94102
   Telephone: (415) 436-6660
6

E-filing

7  Attorneys for the United States

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10  SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA
12
13                v.
14  HSIN-TSUNG WANG, aka H.T. WANG,
15
16                Defendant.
17

CR 10 0756

No.

RS

VIOLATION:
Title 15, United States Code,
Section 1 (Price Fixing)
San Francisco Venue

18
19                **INDICTMENT**

The Grand Jury charges that:
20                I.

21  DESCRIPTION OF THE OFFENSE

22      1.     HSIN-TSUNG WANG, aka H.T. WANG, is hereby indicted and made a

23  defendant on the charge stated below.

24      2.     From on or about September 14, 2001, until on or about December 1, 2006 ("the

25  period covered by this Indictment"), the exact dates being unknown to the Grand Jury, the

26  defendant and other coconspirators entered into and engaged in a combination and conspiracy to

INDICTMENT

1  suppress and eliminate competition by fixing the prices of thin-film transistor liquid crystal
2  display panels ("TFT-LCD") in the United States and elsewhere. The combination and conspiracy
3  engaged in by the defendant and other coconspirators was in unreasonable restraint of interstate
4  and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

5      3.    The charged combination and conspiracy consisted of a continuing agreement,
6  understanding, and concert of action among the defendant and other coconspirators, the
7  substantial terms of which were to agree to fix the prices of TFT-LCDs for use in notebook
8  computers, desktop computer monitors, and televisions in the United States and elsewhere.

9                                         II.

10                    DEFENDANT AND COCONSPIRATORS

11     4.    Defendant HSIN-TSUNG WANG is a resident of Taiwan. During the period
12  covered by this Indictment, the defendant was Vice President of Sales and Marketing for Chi Mei
13  Optoelectronics Corporation. The defendant joined and participated in the conspiracy from at
14  least as early as September 14, 2001 and continuing at least until December 1, 2006.

15     5.    Various corporations and individuals not made defendants in this Indictment
16  participated as coconspirators in the offense charged in this Indictment and performed acts and
17  made statements in furtherance of it.

18     6.    Whenever in this Indictment reference is made to any act, deed, or transaction of
19  any corporation, the allegation means that the corporation engaged in the act, deed, or transaction
20  by or through its officers, directors, employees, agents, or other representatives while they were
21  actively engaged in the management, direction, control, or transaction of its business or affairs.
22  ///
23  ///
24  ///
25  ///
26  ///

INDICTMENT                                    2

III.

MEANS AND METHODS OF THE CONSPIRACY

7.     For the purpose of forming and carrying out the charged combination and conspiracy, the defendant and other coconspirators did those things that they combined and conspired to do, including, among other things:

(a)     On or about September 14, 2001, representatives from four Taiwan TFT-LCD manufacturers, including the defendant, secretly met in a hotel room in Taipei, Taiwan and entered into and engaged in a conspiracy to fix the price of TFT-LCD. At this meeting, the conspirators agreed to meet approximately once a month for the purpose of fixing the price of TFT-LCD panels. These meetings were commonly referred to by some of the conspirators as "Crystal Meetings." The four Taiwan TFT-LCD manufacturers also agreed to rotate responsibility for coordinating each of these monthly meetings.

(b)     On or about September 21, 2001, representatives from two Korean TFT-LCD manufacturers joined representatives from the four Taiwan TFT-LCD manufacturers, including the defendant, at a Crystal Meeting in a hotel room in Taipei, Taiwan. At or before the September 21, 2001 Crystal Meeting, the two Korean TFT-LCD manufacturers agreed to join the conspiracy to fix the price of TFT-LCD.

(c)     Employees from Chi Mei Optoelectronics Corporation, including the defendant or his subordinates, attended Crystal Meetings on a regular basis between on or about September 14, 2001 until on or about December 1, 2006 with employees of other participating TFT-LCD manufacturers.

///

///

INDICTMENT                                              3

1

2

3

(d)     The defendant attended and participated in multiple Crystal Meetings. The defendant also authorized, ordered, or consented to the attendance and participation of his subordinate employees at Crystal Meetings.

4

5

6

7

8

9

10

11

12

(e)     During the period covered by this Indictment, participants in the Crystal Meetings regularly exchanged production, shipping, supply, demand, and pricing information with each other at the meetings for the purpose of agreeing to fix the price of TFT-LCD, as well as implementing, monitoring, and enforcing adherence to the fixed prices. Up until 2003, the participants in the Crystal Meetings reached price agreements on certain sized TFT-LCD used in computer notebooks and monitors. Beginning in 2003, the price agreements reached at the Crystal Meetings also included certain sized TFT-LCD used in flat-screen televisions.

13

14

15

16

(f)     The participants in the conspiracy issued price quotations in accordance with the price agreements and accepted payment for the supply of TFT-LCDs sold at collusive, noncompetitive prices to customers in the United States and elsewhere.

17

18

19

(g)     From on or about September 14, 2001 until in or about May 2005, the defendant and other senior sales executives from the participating TFT-LCD manufacturers attended the Crystal Meetings.

20

21

22

23

24

25

26

(h)     In or about May 2005, the participants in the Crystal Meetings discussed that one or two major TFT-LCD customers may have detected the Crystal Meetings. To keep the meetings secret and avoid detection, the Crystal Meeting participants decided to stop having senior-level sales executives attend the Crystal Meetings. Instead, the senior-level executives, including the defendant, instructed lower-level marketing employees to continue the Crystal Meetings. Lower-level marketing employees of Chi Mei

INDICTMENT                                                        4

Optoelectronics Corporation and the other participating TFT-LCD manufacturers continued to meet monthly as a group to exchange shipment, production, and pricing information in furtherance of the conspiracy to fix the price of TFT-LCD. The lower-level marketing employees met at restaurants and cafes, instead of hotels, in Taipei.

(i) In or about the spring of 2006, the participants in the Crystal Meetings became further concerned about being detected after receiving news reports of an ongoing price-fixing investigation by the United States Department of Justice into the dynamic random access memory ("DRAM") industry and after receiving other information about a possible investigation into the TFT-LCD industry. To further avoid detection and keep the meetings secret, the conspiracy members agreed to no longer meet as a group, but instead have back-to-back, one-on-one meetings with each other on a certain date each month at restaurants and cafes in Taipei, Taiwan. Through these round-robin style meetings, the participants continued to exchange shipment, production, and pricing information in furtherance of the conspiracy to fix the price of TFT-LCD. These round-robin meetings continued until in or about December 2006.

(j) During the period covered by this Indictment, the defendant and other coconspirators took steps to conceal the conspiracy and conspiratorial contacts through various means:

(1) The Crystal Meeting participants discussed the need to keep the Crystal Meetings secret and warned against revealing the existence of the meetings, even to other employees within their own companies who did not participate in the conspiracy.

1        (2)    Participants in the Crystal Meetings were specifically warned to

2              keep the meetings secret because of antitrust laws and the ongoing

3              price-fixing investigation into the DRAM industry.

4                          IV.

5                  TRADE AND COMMERCE

6      8.      TFT-LCDs are glass panels composed of an array of tiny pixels that are

7  electronically manipulated in order to display images. TFT-LCDs are manufactured in a broad

8  range of sizes and specifications for use in televisions, notebook computers, desktop computer

9  monitors, cell phones, mobile devices, and other applications. For purposes of this Indictment,

10  TFT-LCD refers to standard-sized panels for use in computer notebooks and monitors and

11  televisions, including sizes 12.1", 13", 13.3", 14", 14.1", 15", 15.2", 15.4", 17", 18", 19", 20", 26",

12  and 30".

13      9.      During the period covered by this Indictment, the defendant, his corporate

14  employer, and coconspirators sold and distributed substantial quantities of TFT-LCDs in a

15  continuous and uninterrupted flow of interstate and foreign trade and commerce to customers

16  located in states or countries other than the states or countries in which the defendant, his

17  corporate employer, and coconspirators produced TFT-LCDs. In addition, payments for TFT-

18  LCDs traveled in interstate and foreign trade and commerce.

19      10.    The business activities of the defendant, his corporate employer, and

20  coconspirators that are the subject of this Indictment were within the flow of, and substantially

21  affected, interstate and foreign trade and commerce.

22                          V.

23               JURISDICTION AND VENUE

24      11.    The combination and conspiracy charged in this Indictment was carried out, in

25  part, in the Northern District of California, within the five years preceding the filing of this

26  Indictment.

INDICTMENT                6

1  ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

2

DATED:                                          A TRUE BILL

3

4  _____                      _____
   Christine A. Varney                          FOREPERSON
5  Assistant Attorney General

6  _____                      _____

7  Scott D. Hammond                             Phillip H. Warren
   Deputy Assistant Attorney General            Chief, San Francisco Office
8

9  _____                      _____
   Marc Siegel
10 Director of Criminal Enforcement             Peter K. Huston
   United States Department of Justice          Michael L. Scott
11 Antitrust Division                           Heather S. Tewksbury
                                                E. Kate Patchen
12 _____                      Attorneys
                                                U.S. Department of Justice
13                                              Antitrust Division
   Melinda L. Haag   Acting                     450 Golden Gate Avenue
14 United States Attorney                       Box 36046, Room 10-0101
   Northern District of California              San Francisco, CA 94102
15                                              (415) 436-6660

16

17

18

19

20

21

22

23

24

25

26

   INDICTMENT                          7